# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### Case No. 18-645

| | |
|---|---|
| **CAMCO MANUFACTURING, INC.,** | |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **JONES STEPHENS CORP., and TREK POWER INC.,** | **(WITH JURY DEMAND)** |
| **Defendants.** | |

NOW COMES Plaintiff Camco Manufacturing, Inc. ("Camco"), by and through its undersigned attorneys, and for its Complaint against Jones Stephens Corp. and Trek Power Inc. (collectively, "Defendants") alleges:

### PARTIES, JURISDICTION, AND VENUE

1.     This is an action for trade dress infringement, unfair competition, and unfair or deceptive trade practices.  Defendants have copied and knocked off Camco's renowned and well-known yellow and black trade dress for electrical adapters and electrical extension cords often used with RVs (recreational vehicles).

2.     Camco is a corporation duly organized and existing under the laws of the State of North Carolina with a principal place of business and its headquarters in Greensboro, North Carolina.

3.     Upon information and belief, Jones Stephens Corp. is a corporation organized and existing under the laws of Alabama with a principal place of business at 3249 Moody Parkway, Moody, Alabama.

4.     Upon information and belief, Trek Power Inc. is a corporation organized and existing under the laws of California with a principal place of business at 15216 Vichy Circle, Irvine, California 92604.

## JURISDICTION AND VENUE

5.     Camco brings this action for trade dress infringement, unfair competition, and unfair or deceptive trade practices under the laws of the United States and state law(s).  Certain of Camco's claims, including those for trade dress infringement arise under the laws of the United States, *see* 15 U.S.C. §§ 1051 *et seq.* & 1125.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 & 1121, among other laws.  This Court has also supplemental jurisdiction under 28 U.S.C. § 1367.

6.     This Court may exercise personal jurisdiction over Defendants due to the following actions, without limitation and upon information and belief:  (a) Defendants have sold and placed in the stream of commerce their products, including the at-issue electrical adapters and electrical extension cords to be used with RVs (such adapters and cords of one or more Defendants are the "Knock-off Products"), which have been offered to and sold to customers within the State of North Carolina, (b) Defendants market their

2

products, including the Knock-off Products to and within the State of North Carolina, (c) Defendants copied the trade dress of electrical adapters and electrical extension cords for use with RVs from Camco, which is headquartered in Greensboro, North Carolina, with knowledge of Camco's location and to the harm of Camco in North Carolina, (d) Defendants knowingly competed unfairly and otherwise knocked-off Camco's products and rights with knowledge that it would harm Camco in North Carolina, and (e) Defendants' infringements, actions, and knockoffs are likely to cause confusion, mistake or deception in North Carolina. Defendants' actions demonstrate their purposeful availment of the laws of North Carolina.

7. Venue is proper in this District as, without limitation, under 28 U.S.C. § 1391, one or more of the Defendants resides in this District and/or is subject to personal jurisdiction in this District.

## FACTS CONCERNING THE INFRINGEMENTS

### Camco's Electrical Products

8. Camco is a leading manufacturer of equipment used for RVs (recreational vehicles). One line of Camco's products for RVs is a line of electrical adapters and electrical extension cords used to connect RVs to a variety of power sources. RV operators find it important to have such extensions and electrical adapters, sometimes called "dogbones," because it is common for an RV operator to park the RV at an RV campground or other location where an extension is needed and/or where the electrical

3

outlets emit electricity at a different level of current (measured in amps) than the RV is designed to accept.

9. Camco has manufactured and sold such extension cords and dogbone electrical adapters in interstate commerce for years. Camco extension cords and adapters are sold to consumers at modest prices through a variety of retail channels, including but not limited to recreational products stores, catalogs and the Internet.

10. Years ago, a team of Camco designers working in North Carolina developed an ornamental trade dress for its extension cords and dogbone electrical adapters. Namely, Camco employs a color combination of a black cord with yellow ends, heads or receptacles ("Camco's Trade Dress").

11. Examples of Camco's dogbone electrical adapters with Camco's Trade Dress are shown below.



12.     Camco has sold its extension cords and/or dogbone electrical adapters with Camco's Trade Dress since approximately March 2005, *i.e.* for over 13 years.  The sales have been significant.  Camco's extension cords and dogbone electrical adapters with Camco's Trade Dress are the number one selling extension cords and dogbone electrical adapters for RVs.  For example, Amazon.com indicates that one of Camco's adapters is the "#1 Best Seller" in RV receptacles.  That product is sold in such sizeable quantities that Amazon.com identifies 1,850 customer reviews of the product, with an average 4.5 star rating.

13.     Camco's Trade Dress is and has been unusual, distinctive, and unlike the trade dress used by other companies for such products.

14.     Camco's Trade Dress is inherently distinctive as a source indicator or indicia of source or origin for its products.

15.     Camco's Trade Dress has also acquired distinctiveness among the relevant public and audience for RV extension cords and/or dogbone electrical adapters, as seen by the volume of Camco's sales and advertising, the length of time Camco has been the exclusive seller such products with Camco's Trade Dress, awareness by the relevant public and other factors.  Camco's Trade Dress for its relevant products acquired distinctiveness and secondary meaning prior to Defendants' production, marketing and sale of the Defendants' products at issue in this lawsuit.

16.     Camco's Trade Dress is protectable and protected under federal and state laws.

17.     Camco's Trade Dress is not functional.  It does not assist the functioning of the extension cords or dogbone electrical adapters, and it is not otherwise functional. There are a variety of other non-infringing designs available on the market.

18.     Defendants' Knock-off Products have been configured and marketed in trade dress that is likely to cause confusion among the consuming public as to the source of, respectively, Camco's relevant products and/or Defendants' Knock-off Products.

19.     Below are images of certain of Defendants' Knock-off Products and internet displays.








20.     Confusion is likely to arise based on similarities between Defendants' trade

dress and Camco's trade dress, including without limitation the identical or nearly

identical colors and color combinations of a black cord with yellow ends, heads or receptacles.

21. Below are photos showing certain of Camco's products adjacent to certain of Defendant's Knock-off Products.

 



8



22.     Confusion is also likely to arise considering that Defendants' products and Camco's products are of the same type and are also sold through the same channels of trade.  Confusion is also likely due to other factors, including a consideration of the degree of care expected from consumers for the modestly priced items.

23.     Upon information and belief, one or more Defendants have previously used red and black trade dress for electrical cords and dogbone adapters for RVs.

24.     Upon information and belief, Defendants have switched to products using Camco's Trade Dress in an effort to try to induce the consuming public into purchasing Defendants' Knock-off Products rather than Camco's products.   Defendants' intentionality indicates that confusion is likely.

25.     Below is an image of a retail display.  Camco's products bearing Camco's Trade Dress are shown as well as Defendant's products.   Outlined in blue are

Defendants' products with red and black trade dress. Outlined in red are some of Defendants' products Knock-off Products bearing the simulacrum of Camco's Trade Dress. The similarity of the yellow and black trade dress between Camco's products and the Defendants' Knock-off Products outlined in red is evident in photo.



26.     Defendants' copying and adoption Camco's Trade Dress is material to purchasing decisions. Below is a photo of another retailer's display. It illustrates the importance of the color combination trade dress of the products as a source indicator when purchasing decisions are made. Upon information and belief, the consuming public has come to expect that products are from Camco and are of a certain quality of products when they bear Camco's Trade Dress. Defendants' copying of that trade dress and use of confusingly similar trade dress harms both Camco and the consuming public.



27.     As a consequence of Defendants' actions, there is a likelihood of confusion.

28.     Defendants have infringed the trade dress of Camco and created a false designation of origin by manufacturing, distributing, offering for sale, and selling, without Camco's permission, electrical adapters and electrical extension cords to be used with RVs that have trade dress that is confusingly similar to Camco's Trade Dress.  Upon information and belief, Defendants have knowingly and willfully infringed Camco's Trade Dress with the intent and effect of trading upon Camco's goodwill by causing

11

confusion and mistake among customers. Upon information and belief, Defendants' infringing actions have the intent and effect of deceiving the public into believing that the Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

29. Defendants' conduct in marketing products under trade dress that is confusingly similar to the trade dress of Camco's products constitutes a violation of federal law, including without limitation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendants' conduct described above constitutes unfair competition. Defendants' conduct improperly capitalizes upon the hard work, ingenuity and rights of Camco, and the goodwill established for Camco and its cords and adapters.

31. Defendants' conduct described above has been knowing, malicious, intentional and willful.

32. Defendants committed their actions to deceive the public and potential customers.

33. Defendants' conduct described above has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

34. Defendants are liable, jointly and severally, to Camco.

35. Camco is entitled to recover damages caused by the conduct of Defendants, an accounting of and disgorgement of the profits of Defendants. Camco is further

entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

36.     Defendants' actions demonstrate their intentional misconduct and that their actions are neither fair use nor fair competition.

37.     Defendants' actions have harmed Camco by diverting sales, confusing the public, and violating Camco's rights in its trade dress.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Trade Dress Infringement under the Federal Lanham Act)**

38.     The allegations of all preceding paragraphs 1-37 are incorporated by reference as if fully set forth herein.

39.     Camco owns rights in Camco's Trade Dress for its electrical adapters and electrical extension cords often used with RVs.  Camco's Trade Dress consists of the color combination of a black cord with yellow ends, heads or receptacles.  Examples of Camco's dogbone electrical adapters with Camco's Trade Dress are shown below.



13

40.     Camco's Trade Dress has acquired distinctiveness among the relevant public and audience for RV extension cords or dogbone electrical adapters, as seen by the volume of Camco's sales and paid advertising, the length of time Camco has been the exclusive seller such products with Camco's Trade Dress, awareness by the relevant public and other factors.   Camco's Trade Dress for its relevant products acquired distinctiveness and secondary meaning prior to Defendants' production, marketing and sale of the Defendants' products at issue in this lawsuit.

41.     Camco's Trade Dress is also inherently distinctive.

42.     Camco's Trade Dress is protectable and protected under federal and state laws.

43.     Camco's Trade Dress is not functional.  It does not assist the functioning of the extension cords or dogbone electrical adapters, and it is not otherwise functional.  For example, there are a variety of other non-infringing designs available on the market.

44.     Defendants' Knock-off Products have been configured and marketed in trade dress that is likely to cause confusion among the consuming public as to the source of Defendants' Defendants' Knock-off Products.  Confusion is likely to arise based on similarities between Defendants' trade dress and Camco's Trade Dress.  Both display a black cord with yellow heads or receptacles.  Confusion is also likely to arise considering other factors, including the similarity of products, Defendants' intent to copy, that Defendants' products and Camco's products are sold through the same channels of trade,

and a consideration of the degree of care expected from consumers for the modestly priced items.

45.     Defendants have infringed Camco's Trade Dress and created a false designation of origin by manufacturing, distributing, offering for sale, and/or selling, without Camco's permission, cords and adapters that have trade dress that is confusingly similar to and/or likely to be confused with the trade dress of Camco's products. Upon information and belief, Defendants have knowingly and willfully infringed Camco's trade dress with the intent and effect of trading upon Camco's goodwill by causing confusion and mistake among customers. Upon information and belief, Defendants' infringing actions have the intent and effect of deceiving the public into believing that the Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

46.     Defendants' conduct in marketing products under trade dress that is confusingly similar to the trade dress of Camco's products constitutes a violation of federal law, including without limitation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

48.     Camco is entitled to recover damages caused by the conduct of Defendants, an accounting of and disgorgement of the profits of Defendants. Camco is further

entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

## SECOND CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement)

49.     The allegations of all preceding paragraphs 1-48 are incorporated by reference as if fully set forth herein.

50.     By reason of the foregoing, Defendants have engaged and are continuing to engage in acts of trade dress infringement in violation of the common law.

51.     Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

52.     Camco is entitled to recover damages caused by the conduct of Defendants, as well as an accounting of and disgorgement of the profits of Defendants, plus interests and costs.

## THIRD CLAIM FOR RELIEF
### (Passing Off)

53.     The allegations of all preceding paragraphs 1-52 are incorporated by reference as if fully set forth herein.

54.     By reason of the foregoing, Defendants have passed off their Knock-off Products as Camco's by Defendants' use of Camco's Trade Dress.

55.     Defendants have intentionally, or knowingly, copied Camco's Trade Dress, sold products with copies of Camco's Trade Dress, and attempted to deceive the public, and upon information and belief actually deceived the public, into purchasing

16

Defendants' Knock-off Products rather than Camco's genuine products.  Consequently, Camco and the public have been harmed.

56.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

57.    Camco is entitled to recover damages caused by the conduct of Defendants, as well as an accounting of and disgorgement of the profits of Defendants, plus interests and costs.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

58.    The allegations of all preceding paragraphs 1-57 are incorporated by reference as if fully set forth herein.

59.    By reason of the foregoing, Defendants have engaged, and are continuing to engage, in acts of unfair competition prohibited by law.  To wit, Defendants have knocked off, copied and infringed Camco's Trade Dress in their manufacturing, marketing and sale of the Knock-off Products.

60.    Defendants' unfair competition improperly capitalizes upon the hard work, ingenuity and rights of Camco, namely in the Camco Trade Dress, consumer recognition and goodwill established for Camco and its cords and adapters for use with RVs.

61.    Defendants' conduct described above has been knowing, malicious, intentional and willful.

62.    Defendants committed these actions to deceive the public and potential customers.

63.     Defendants' actions are likely to cause confusion in the minds of the relevant public, leading the relevant public to believe that Defendants' Knock-off Products emanate or originate from Camco and/or that Camco has approved, sponsored, or otherwise associated itself with Defendants' Knock-off Products, which is false.

64.     Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

65.     Camco is entitled to recover damages caused by the conduct of Defendants, as well as an accounting of and disgorgement of the profits of Defendants, plus interest and costs.

## FIFTH CLAIM FOR RELIEF
### (Statutory Unfair Competition)

66.     The allegations of all preceding paragraphs 1-65 are incorporated by reference as if fully set forth herein.

67.     Defendants' actions described in this Complaint were taken in and affected commerce and constitute unfair or deceptive trade practices under N.C. Gen. Stat. Chapter 75 *et seq.* In particular, and without limitation, Defendants' unfair or deceptive trade practices include:

        a.  Making, advertising, distributing, offering and/or selling competing products with trade dress that is likely to cause confusion among the consuming public as to the source, sponsorship or affiliation of the Knock-off Products and/or Camco's products;

18

b. Trading upon Camco's goodwill by causing confusion and mistake among customers; and

c. Deceiving the public into believing that Defendants' Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

68. Such conduct on the part of Defendants has proximately caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

69. Camco is entitled to recover its damages caused by the conduct of Defendants, as well as a disgorgement of the profits of Defendants. Camco is further entitled to the trebling of such damages and an award of their costs and attorneys' fees, plus interest.

## SIXTH CLAIM FOR RELIEF
### (Indirect Infringement – Contributory/Vicarious Liability)

70. The allegations of all preceding paragraphs 1-69 are incorporated by reference as if fully set forth herein.

71. To the extent any of the Defendants did not themselves commit each and every of the actions described above, Defendants conspired and participated in the commission of such actions.

72. Defendants actively and materially contributed to the violations and acts described above, including the manufacturing, marketing and/or selling of products and the infringements described above.

19

73.     Upon information and belief, even if a particular Defendant has not itself directly infringed, it each has had had the right and ability to control the infringements and it stands to financially benefit from the infringements.

74.     Each Defendant is directly, contributorily and/or vicariously liable for the infringements and violations described above, as well as any other violations described above for which they can be indirectly liable.

75.     Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Camco, for which Camco has no adequate remedy at law.

76.     Camco is entitled to recover damages caused by the conduct of Defendants, an accounting of and disgorgement of the profits of Defendants.  Camco is further entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

## JURY DEMAND

77.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Camco hereby requests a trial by jury of all issues so triable.

WHEREFORE, Camco respectfully requests that the Court find in Camco's favor and against Defendants, enter judgement against Defendants and order and award:

1.     That Defendants are liable, jointly and severally, to Camco due to Defendants' trade dress infringement, unfair competition, passing off, and unfair or deceptive trade practices;

2.     That Defendants and their respective agents, servants, employees, contractors and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting in concert with any of them, be enjoined permanently from:

    a.  making, selling, distributing, offering and/or selling products using Camco's trade dress and/or any confusingly similar trade dress; and

    b.  passing off any products of a Defendant as Camco's product or as being affiliated, approved or associated with Camco;

3.     That Defendants be required to account for their profits derived from violation of Camco's rights;

4.     That Camco be awarded damages, both compensatory and exemplary (including trebled damages), in amounts to be determined at trial;

5.     That Defendants be ordered to pay Camco's costs incurred herein, including reasonable attorneys' fees, plus interest;

6.     That the Court provide a trial by jury as to all issues so triable; and

7.     That the Court award such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Respectfully submitted, this the 20th day of July, 2018.

/s/ David W. Sar
David W. Sar
North Carolina State Bar No. 23533
Email: dsar@brookspierce.com

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
Post Office Box 26000
Greensboro, North Carolina 27420
Telephone:  (336) 373-8850
Fax:  (336) 378-1001

*Attorney(s) for Plaintiff*